# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-00168-KDB-DSC

| | |
|---|---|
| JASON W. HAGGARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TODD R. ELLIS et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Defendants Todd R. Ellis and Law Office of Todd Ellis P.A.'s Motion to Dismiss" (document #11) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion be denied as discussed below.

### I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, on May 30, 2016, Justin Haggard died while being treated at Frye Regional Medical Center. On May 30, 2018 Plaintiff, acting as Administrator of Justin Haggard's estate, obtained an extension of the statute of limitations for filing a medical malpractice complaint to September 27, 2018. On September 28, 2018, Defendants filed a summons, complaint, and expert affidavit.

On March 25, 2019, Judge George Bell held a hearing on a motion to dismiss the complaint in Catawba County Superior Court. At the hearing, Defendant Poteat represented "… it was simply put down as a four-month anniversary of the statute of limitations date, which had been on previously on our calendar for May 30 and done in complete error. I mean, it's just a -- it was a mistake on my part." On April 22, 2019, Judge Bell entered an order of dismissal with prejudice for "failure to satisfy the statute of limitations."

On September 4, 2020, Plaintiff filed his complaint in Catawba County Superior Court alleging legal malpractice.

On October 13, 2020, Defendants removed the state action to the United States District Court for the Western District of North Carolina alleging diversity of citizenship jurisdiction. Removal has not been challenged and appears proper.

On November 18, 2020, Defendants moved to dismiss for failure to state a claim.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327

(1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

To state a legal malpractice claim, a plaintiff must allege that the attorney negligently breached the duties owed to his client proximately causing the plaintiff damage. Rorrer v. Cooke, 329 S.E.2d 355, 365–66 (NC 1985). Defendants argue that Rorrer requires Plaintiff to plead facts showing that but for Defendants' negligence, he would have prevailed on the underlying medical malpractice claim. But Rorrer addressed the plaintiff's burden at summary judgment and not at the Fed. R. Civ. P. 12(b)(6) stage. Id. at 365-66. The Court finds that Plaintiff has adequately alleged that Defendants missed the statute of limitations on his underlying medical malpractice claim. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Defendants Todd R. Ellis and Law Office of Todd Ellis P.A.'s Motion to Dismiss" (document #11) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by

the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: January 11, 2021

David S. Cayer
United States Magistrate Judge