IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00168-DSC

| | |
|---|---|
| JASON W. HAGGARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| POTEAT LAW FIRM LLC, ) | |
| CHAD E. POTEAT, ) | |
| LAW OFFICE OF TODD ELLIS P.A. ) | |
| AND TODD R ELLIS, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Defendants Chad E. Poteat and Poteat Law Firm LLC's Motion to Strike Cause of Death Testimony of Plaintiff's Sole Causation Expert Witness" (Doc. 35), "Defendants Chad E. Poteat and Poteat Law Firm LLC's Motion for Summary Judgment" (Doc. 37), "Defendants Todd R. Ellis and Law Office of Todd Ellis P.A.'s Motion for Summary Judgment" (Doc. 39), "Defendants Chad E. Poteat and Poteat Law Firm LLC's Consent Motion to Partially Seal and/Partially Redact Private Health Information" (Doc. 43), as well as the parties' associated briefs and exhibits.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c) and these Motions are now ripe for the Court's determination.

After carefully considering the parties' arguments, the record, and the applicable authority, the Court <u>grants in part and denies in part</u> Poteat Defendants' Motion to Partially Redact Private Health Information. The Court <u>grants in part and denies in part</u> Poteat Defendants' Motion for Summary Judgment and Ellis Defendants' Motion for Summary Judgment. The Court <u>denies</u> as moot the Poteat Defendants' Motion to Strike.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action is brought by Jason Haggard as Administrator of the Estate of his brother Justin Haggard. Plaintiff alleges that the Defendants Chad E. Poteat, Poteat Law Firm LLC ("**Poteat Defendants**") Todd Ellis, and Law Office of Todd Ellis P.A. ("**Ellis Defendants**") were negligent in prosecuting his medical malpractice claim (the "**Underlying Lawsuit**"). Ellis Defendants bring Crossclaims against the Poteat Defendants for Negligent Misrepresentation, Indemnity, and Contribution.

Justin Haggard died at Frye Regional Medical Center on May 30, 2016. In June 2016, Plaintiff hired the Poteat Defendants to file a medical malpractice claim against the hospital. On May 29, 2018, the Catawba County Superior Court entered an order extending the statute of limitations by 120 days pursuant to Rule 9 of the North Carolina Rules of Civil Procedure. The deadline to file the Underlying Lawsuit was extended until September 27, 2018.

On September 27, 2018, Poteat contacted Ellis inquiring if he would be interested in serving as local counsel in this medical malpractice action. Poteat was not licensed in North Carolina. During this conversation Poteat told Ellis that the complaint should be filed the next day. Poteat was unsure whether the statute of limitations would allow the action to be filed on Monday, October 1, 2018 since he believed the extension technically expired on Sunday,

September 30, 2018. Due to an error in calendaring Poteat did not realize that the statute of limitations ran on Thursday, September 27, 2018.

After their conversation on September 27, 2018, Ellis provided Poteat with a draft complaint. On September 27, 2018, at 11:00 p.m. Poteat sent a proposed complaint to Ellis via email. On September 28, 2018, Poteat visited Ellis's office and Ellis signed the complaint. While at Ellis's office, Poteat advised that there may be an argument that the statute of limitations had run. Ellis did not ask for or receive a copy of the order extending the statute of limitations prior to signing the pleadings. Poteat then drove to the courthouse and filed the complaint on September 28, 2018.

The Complaint included an affidavit by Dr. Amber Williams, DNP, APRN, FNP, opining that there was a breach in the standard of care by the staff at the hospital. She also stated that in her opinion the breach of the standard of care was the proximate cause of Justin Haggard's death. Dr. Williams' opinions were based on her review of the medical records obtained from the hospital.

On February 4, 2019, Defendants in the Underlying Lawsuit filed a motion to dismiss pursuant to Rule 12(b)(6) alleging the statute of limitations had expired at the time the complaint was filed. On April 23, 2019, Superior Court Judge George Bell entered an order of dismissal with prejudice. On September 4, 2020, Plaintiff filed suit in Catawba County Superior Court bringing claims for negligence against all Defendants. Pursuant to 28 U.S.C. § 1332, 1441, and 1446, the Poteat Defendants removed the case to the United States District Court for the Western District of North Carolina.

On October 15, 2021, Dr. Williams was deposed. She testified that there was an error in how she transposed the blood pressure readings in her original report. She also testified that her opinions had changed after reviewing the sworn deposition of Erin Darby, the treating nurse at the hospital. Specifically, Dr. Williams changed her opinion as to all of her prior statements that the breach of the standard of care was the proximate cause of Justin Haggard's death.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. "A dispute is genuine if a reasonable jury could return a verdict for the non-moving party." Vannoy v. Federal Reserve Bank of Richmond, 827 F.3d 296, 300 (4th Cir. 2016) (quoting Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013)). "A fact is material if it might affect the outcome of the suit under the governing law." Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court must view the evidence and any inferences therefrom in the light most favorable to the non-moving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The court applies "the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the non-moving party." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 570 (4th Cir. 2015) (quoting Tolan, 572 U.S. at 660).

"Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." Id. at 568-69 (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)). "The court therefore cannot weigh the evidence or make credibility determinations." Id. at 569 (citing Mercantile Peninsula Bank v. French (In re French), 499 F.3d 345, 352 (4th Cir. 2007)). In the end, the question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### III. DISCUSSION

A. Motions for Summary Judgment

   a. Legal Malpractice Claims

In diversity cases, "federal courts are to apply state substantive law and federal procedural law." Hanna v. Plumer, 380 U.S. 460, 465 (1965). Counsel owes a plaintiff a duty of care when an attorney-client relationship exists. Rorrer v. Cooke, 329 S.E.2d 355 (1985). North Carolina has defined the practice of law "to be performing any legal service for any other person, firm or corporation, with or without compensation, specifically including . . . the preparation and filing of petitions for use in any court." N.C. Gen. Stat. § 84-2.1. An attorney client relationship can be "implied from the conduct of the parties and is not dependent on the payment of a fee, nor upon the execution of a formal contract." Johnson v. Schultz, 671 S.E.2d 559, 569 (2009) (internal citations omitted).

In discussing an attorney's legal obligation to his client, the North Carolina Court of Appeals has said:

> [W]hen an attorney engages in the practice of the law and contracts to prosecute an action on behalf of his client, he impliedly represents that (1) he possesses the requisite degree of learning, skill and ability necessary to the practice of his

profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to his client's cause.

Hampton v. Scales, 789 S.E.2d 478, 484 (2016) (citing Hodges v. Cater, 80 S.E.2d 144, 145-46 (1954)). In a malpractice case based on attorney negligence, plaintiff has the burden of proving "(1) that the attorney breached the duties owed to his client . . . and that his negligence (2) proximately caused (3) damage to the plaintiff." Rorrer, 329 S.E.2d at 355. "To establish that negligence is a proximate cause of the loss suffered, the plaintiff must establish that the loss would not have occurred but for the attorney's conduct." Id. at 361. To prove the loss would not have occurred but for the attorney's negligence, "plaintiff must prove: (1) the original claim was valid; (2) it would have resulted in judgment in his favor; and (3) the judgment would have been collectible." Id.

The elements of a medical malpractice claim are (1) a duty of care was owed, (2) there was a breach of the standard of care, (3) proximate cause, and (4) damages. Turner v. Duke University, 381 S.E.2d 706, 712 (1989). In a North Carolina medical malpractice action:

> The defendant health care provider shall not be liable for the payment of damages unless the trier of facts finds by the greater weight of the evidence that the care of such health care provider was not in accordance with the standards of practice among members of the same or similar communities under the same or similar circumstances at the time of the alleged act giving rise to the cause of action.

N.C. Gen Stat. § 90-21.12. The North Carolina Rules of Civil Procedure provides that:

> Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2)(a) in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless: (1) The pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care; (2) The pleading specifically asserts that the medical care and all medical records

pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person that the complaint will seek to have qualified as an expert witness by motion under Rule 702(e) of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care, and the motion is filed with the complaint; or (3) The pleading alleges facts establishing negligence under the existing common-law doctrine of res ipsa loquitur.

N.C. R. Civ. P. 9(j). Dr. Williams was designated as the expert in Plaintiff's complaint in the Underlying Lawsuit. "Expert testimony is also typically required to establish the degree of care and skill required, any departure from that standard, and the causal relationship between the departure from the standard and the harm incurred by the plaintiff." Bailey v. Jones, 425 S.E.2d 787, 792 (1993).

### i. Poteat Defendants

For the legal malpractice claim to be successful, the Underlying Lawsuit must have been valid and would have resulted in judgment in Plaintiff's favor. Here, the proposed expert witness named in the Complaint recanted her testimony that a breach of the standard of care was the proximate cause of Justin Haggard's death. See Doc. 38-17 at p. 17-23. Without the testimony of Dr. Williams, the proximate cause element of the medical malpractice claim fails. Even when taking the evidence in the light most favorable to the Plaintiff, his claim would not have been valid without expert testimony. Therefore, Poteat Defendants' Motion for Summary Judgment is granted on this issue.

### ii. Ellis Defendants

The actions by the Ellis Defendants were not the proximate cause of Plaintiff's damages in the Underlying Lawsuit. While a jury could reasonably find that an attorney-client relationship existed between Ellis and Plaintiff, there is no genuine dispute of material fact that but for the Ellis Defendants' actions the harm would not have occurred. Ellis did not receive a draft

complaint from Poteat or sign the complaint before the statute of limitations had expired. See Doc. 38-9 at p. 20. Plaintiff argues that a de facto partnership was formed between the Defendants and Ellis ratified the acts of Poteat. See Doc. 46-1 at p. 3. But Plaintiff offers no facts to support his claim that Ellis and Poteat formed a de facto partnership.

Accordingly, the Court grants the Ellis Defendants' Motion for Summary Judgment.

### b. Negligent Misrepresentation

"The tort of negligent misrepresentation occurs when a party justifiably relies to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." Raritan River Steel Co. v. Cherry, 367 S.E.2d 609, 612 (1988). A person's duty of care extends to "those who he knows and intends will rely on his opinion." Jefferson-Pilot Life Ins. Co. v. Spencer, 442 S.E.2d 316, 318 (1994). "[T]he 'question of justifiable reliance is analogous to that of reasonable reliance in fraud actions, where it is generally for the jury to decide whether the plaintiff reasonably relied upon the representations made by defendant.'" Marcus Bros. Textiles, Inc. v. Price Waterhouse, L.L.P., 513 S.E.2d 320, 327 (1999).

Poteat owned Ellis a duty of care. He knew that Ellis was relying on his opinion that the statute of limitations had not expired when Ellis signed the complaint. See Doc. 38-9 at p. 21-22. The Ellis Defendants argue that his reliance was reasonable because he was acting as local counsel and was relying on the representations of his out of state co-counsel. See Doc. 40 at p. 16-17. The Poteat Defendants contend that Ellis knew there was a potential issue with the statute of limitations before he signed the complaint, and his reliance was not reasonable because he failed to inquire into the issue. See Doc. 38 at p. 16.

The Court concludes that there are genuine issues of material fact that would permit, but not require, a reasonable jury to return a verdict in the Ellis Defendants' favor on their negligent misrepresentation crossclaim. Accordingly, Poteat Defendants' and Ellis Defendants' Motions for Summary Judgment are denied as to the crossclaim.

### c. Indemnity

The Motions for Summary Judgment on the indemnity crossclaim are denied as moot.

### d. Contribution

The Motions for Summary Judgment on the contribution crossclaim are denied as moot.

## B. Motion to Strike Cause of Death Testimony

The Court denies as moot the Motion to Strike Cause of Death Testimony because summary judgement has been granted in the Defendants' favor on the legal malpractice claim.

## C. Consent Motion to Partially Seal/Redact Private Health Information

The Court concludes that protecting the private health information of Justin Haggard outweighs the right of public access to docket entries thirty-six and thirty-eight. The Court orders that private health information be redacted rather than sealing the entirety of these docket entries. Therefore, the Motion to Partially Seal/Redact Private Health Information is granted in part and denied in part.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED** that:

1. "Defendants Chad Poteat and Poteat Law Firm LLC's Motion for Summary Judgment" is **GRANTED** as to Plaintiff's legal malpractice claim, **DENIED** as to Ellis Defendants' crossclaims against Poteat Defendants for negligent misrepresentation, and **DENIED** as moot as to the Ellis Defendants crossclaims against the Poteat Defendants for contribution, and indemnity.

2. "Defendants Todd R. Ellis and Law Office of Todd Ellis P.A.'s Motion for Summary Judgment" is **GRANTED** as to Plaintiff's legal malpractice claim, **DENIED** as to their crossclaims against the Poteat Defendants for negligent misrepresentation, and **DENIED** as moot as to their crossclaims against the Poteat Defendants for contribution, and indemnity.

3. "Defendants Chad E. Poteat and Poteat Law Firm LLC's Motion to Strike Cause of Death Testimony of Plaintiff's Sole Causation Expert Witness" is **DENIED** as moot.

4. "Defendants Chad E. Poteat and Poteat Law Firm LLC'S Consent Motion to Partially Seal and/Partially Redact Private Health Information" is **GRANTED IN PART AND DENIED IN PART** and Poteat Defendants are ordered to file unsealed redacted copies of docket entries thirty-six and thirty-eight within three business days of this Order.

**SO ORDERED, ADJUDGED AND DECREED.**

Signed: May 23, 2022

David S. Cayer
United States Magistrate Judge